FILED

**THE ALTMAN LAW GROUP**
BRYAN C. ALTMAN (State Bar No. 122976)
JASON L. WEISBERG (State Bar No. 150436)
8484 Wilshire Blvd. Suite 510
Beverly Hills, California 90211
Telephone: (323) 653-5581
Fax: (323) 653-5542

10 FEB -8 PM 2: 23

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

Attorneys for Plaintiff Kahn Creative
Partners, Inc.

BY:_____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

KAHN CREATIVE PARTNERS,
INC., an Illinois corporation,

        Plaintiff,

        vs.

NTH DEGREE, INC. aka BEYOND
THE NTH DEGREE, INC., a
Delaware corporation; and DOES 1
through 10, inclusive,

        Defendants.

Case No. **CV10- 00932~DSF(FFMx)**

**COMPLAINT FOR:**
1. **BREACH OF ORAL CONTRACT;**
2. **BREACH OF ORAL PARTNERSHIP AGREEMENT;**
3. **BREACH OF IMPLIED PARTNERSHIP;**
4. **BREACH OF ORAL JOINT VENTURE AGREEMENT;**
5. **BREACH OF IMPLIED JOINT VENTURE;**
6. **PROMISSORY ESTOPPEL;**
7. **BREACH OF FIDUCIARY DUTY;**
8. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;**
9. **UNJUST ENRICHMENT;**
10. **UNFAIR BUSINESS PRACTICES**

**JURY TRIAL DEMANDED**

Comes now Plaintiff Kahn Creative Partners, Inc. ("KCP"), an Illinois

corporation, which alleges as follows:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this action pursuant to diversity of

citizenship, 28 U.S.C. § 1332. Venue is proper within this district because many of

the actions and transactions complained of in this action substantially occurred in or

emanated from this district.

-1-

COMPLAINT

## PARTIES

2. Plaintiff Kahn Creative Partners, Inc. ("KCP") is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the State of Illinois, duly qualified to conduct business in the State of California, and doing business in Los Angeles County.

3. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, Defendant Nth Degree, Inc., aka Beyond the Nth Degree, Inc ("Nth Degree") is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Georgia, duly qualified to conduct business in the State of California, and doing business in Los Angeles County.

4. Plaintiff is ignorant of the true names and capacities, whether corporate, individual, partnership, associate or otherwise, of Defendants sued herein as fictitious Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

5. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is indebted to Plaintiff as hereinafter alleged, and that Plaintiff's rights against such fictitiously named Defendants arises from such indebtedness.

6. Plaintiff is informed and believes, and on such information and belief alleges, that at all times herein mentioned, each of the Defendants was the agent and employee of each of their Co-Defendants and, in doing the things herein mentioned, was acting within the scope of their authority as such agents and employees and with the permission and consent of their Co-Defendants.

7. If Nth Degree is in fact a corporation, such corporation is in mere form only, has no existence separate and apart from Defendants Does 6 through 10, inclusive, that there exists and at all times mentioned herein existed a unity of

COMPLAINT

1  interest and ownership between Defendants Does 1 through 10, inclusive, and Nth

2  Degree such that any individuality and separateness between Defendants Does 1

3  through 10, inclusive, and Nth Degree has ceased, and Nth Degree is the alter ego of

4  Defendants Does 1 through 10, inclusive.

5      8.    The assets and the properties of Nth Degree are commingled with the

6  separate assets of Defendants Does 1 through 10, inclusive, such that there is no

7  distinction between individual and corporate assets.

8      9.    Adherence to the fiction of the separate existence of Nth Degree as an

9  entity distinct from Defendants Does 1 through 10, inclusive, would permit an abuse

10  of the corporate privilege and would permit injustice in that they would succeed in

11  avoiding legally incurred liabilities while maintaining the benefits of the

12  corporation.

13      10.   Nth Degree and Does 1 through 10, inclusive, are hereinafter jointly

14  and severally referred to as "Nth Degree."

15          **FACTS COMMON TO ALL CAUSES OF ACTION**

16      11.   RSA Security, Inc., a Delaware corporation ("RSA") is the sponsor of

17  RSA Conference (the "Conference"), an industry conference for information

18  technology security professionals with annual trade conferences in the U.S., Europe

19  and Japan that attract in excess of 18,000 attendees per conference.  Defendant Nth

20  Degree has managed the annual Conference since 2003.

21      12.   In June 2008, Nth Degree's employee Robert Lowe ("Lowe")

22  approached a representative of KCP, Sharon Weber ("Weber") with the purpose of

23  having KCP enter into a dialogue about forging a strategic partnership with Nth

24  Degree concerning its dealings with RSA and the Conference.

25      13.   On August 6, 2008, representatives from Nth Degree and KCP met in

26  Las Vegas to discuss Nth Degree's strategic partnership idea.

27      14.   Following the meeting, on August 7, 2008 at 6:25 pm, Mr. Lowe wrote

28  to KCP, specifically to Weber, Dean Hills ("Hills"), Bill Kahn ("Kahn") and Mike

COMPLAINT

1  Trovalli ("Trovalli") stating "thanks for taking the time to meet with us in Vegas
2  yesterday. I felt it was a productive step towards a promising partnership."

3      15.    Mr. Lowe followed up with an email on October 7, 2008, stating "I
4  would really like to sync back up with you all to discuss your thoughts since that
5  meeting in Vegas, new information I have received from Sandra [LaPedis, an
6  employee of RSA] and any basic feelings you have about the situation."

7      16.    KCP and Nth Degree scheduled a meeting on December 4, 2008, to
8  further discuss creating a proposal to jointly manage the 2010 RSA Conference (the
9  "Joint Proposal").

10      17.    Prior to the December 4, 2008 meeting, Mr. Kahn expressed to KCP's
11  staff, "[w]e all want to be judicious with how we apply our time and resources to biz
12  dev and we all want to drive revenue for the whole enterprise. Sandra's interest in
13  tech communications channels surrounding the event is a connect for you. Mike's
14  conference management experience outside the GS provides much more than what
15  Bruce Porter provides. We will position both talents combined with Sharon's
16  creative talent as a value to both Rob and RSA."

17      18.    On December 4, 2008, Weber of KCP met Nth Degree's employees
18  Lowe, Bruce Porter ("Porter"), Jeanne Friedman ("Friedman") and Karen
19  Gruntmeyer ("Gruntmeyer") im Marina Del Rey, California to discuss creating a
20  Joint Proposal with Nth Degree to manage the next Conference.

21      19.    During the meeting, RSA's employees expressed that Nth Degree's
22  biggest need was to stay relevant with the changing demographics of the
23  Conference's target market and the evolutions in the  design, strategy and execution
24  of the Conference. The Nth Degree employees wanted to assemble a team with
25  creative, strategic, digital and global capabilities in addition to those of Nth Degree.
26  The Nth Degree employees requested that KCP work jointly with Nth Degree to
27  apply KCP's digital and multi-channel marketing abilities to develop a ten year
28  vision for future Conferences because Nth Degree needed a broader range of

-4-

1  capabilities than Nth Degree could offer in the areas of strategy, creativity, audience
2  acquisition and technology.

3       20.    During the meeting Nth Degree and KCP entered into an oral agreement
4  (the "Agreement") under which Nth Degree and KCP would work together to
5  prepare a Joint Proposal to manage the 2010 RSA Conference.

6       21.    Under the terms of the Agreement Nth Degree and KCP each expressly
7  agreed that they would have a joint community of interest in the Joint Proposal that
8  would constitute a common business undertaking in which they would share profits
9  and losses and have a joint right of control.

10      22.    Plaintiff is informed and believes, and based thereon alleges, that Lowe,
11  Friedman and Gruntmeyer had both actual and ostensible authority to enter into the
12  Joint Venture Agreement on the part of Nth Degree.

13      23.    On Thursday January 22, 2009, Nth Degree and KCP received RSA's
14  Request for Proposal ("RFP").

15      24.    Over the course of the next three months, the staff at KCP and Nth
16  Degree worked together tirelessly to prepare a proposal under which they would
17  jointly manage the 2010 conference.  KCP's staff spent hundreds of man hours and
18  expended thousands of dollars to produce the proposal to RSA.

19      25.    On May 8, 2009 Nth Degree and KCP submitted their Joint Proposal to
20  EMC, which, in accordance of the terms of the RFP, constituted an offer for KCP
21  and Nth Degree to jointly manage the 2010 Conference.  The Joint Proposal
22  consisted of eight parts, entitled RSA Conference RFP Response, RSA Conference
23  Marketing RFI Response, RSA Conference 2010 Strategic Blueprint, RSA
24  Conference "Vision" ibook, RSA Conference "Brand" ibook, RSA Conference
25  "Audience" ibook, RSA Conference "Bios" ibook, RSA Conference Standup
26  Presentation: Strategic Overview

27      26.    Plaintiff is informed and believes, and based thereon alleges, Nth
28  Degree's Board of Directors, Chief Executive Officer, Secretary and Chief Financial

COMPLAINT

1  Officer ratified the terms of the Agreement by submitting the Joint Proposal to RSA.

2      27.  On May 11, 2009, Lowe wrote, "I just wanted to send a note out to the

3  team and say THANK YOU for all your amazing work does while preparing the

4  RSA Conference response. I honestly feel it is the best A to Z response I have ever

5  had the opportunity to participate within. Not only is the strategy, thinking and

6  attention to detail second to none, but the design, layout and presentation is

7  absolutely stunning. Every person should be proud of this response and I can only

8  imagine the positive reaction it has received from the entire RSA Conference client."

9      28.  On May 26, 2009, KCP's staff conducted a "strategic showcase"

10  presentation with live attendees and international video conference attendees to RSA

11  in which they introduced and highlighted new ideas for the European Conference.

12      29.  On June 16, 2009, RSA advised KCP that RSA had not awarded KCP a

13  contract to work on the 2010 Conference.

14      30.  On June 26, 2009, KCP learned, by reading a news bulletin posted on

15  the website of Exhibitor News Network, that RSA had awarded the contract for the

16  2010 Conference solely to Nth Degree.

17      31.  Defendant Nth Degree essentially "hijacked" KCP's ideas, work

18  presentation and "sweat equity" in the Joint Proposal to obtain the contract to

19  manage the Conference and provided KCP with nothing in return.

20  **FIRST CAUSE OF ACTION**

21  **BREACH OF ORAL CONTRACT**

22  (Against Nth Degree)

23      32.  Plaintiff re-alleges and incorporates by reference each and every

24  allegation in the previous paragraphs as though fully set forth herein.

25      33.  On or about December 4, 2008, KCP and Nth Degree entered into an

26  oral Agreement to prepare a Joint Proposal to jointly manage the 2010 RSA

27  Conference.

28      34.  Plaintiffs performed all conditions, covenants, and promises required on

1  their part to be performed in accordance with the terms of the Agreement, except for
2  those conditions, covenants, and promises which were excused by the Defendants
3  and/or conditions, covenants, and promises which Plaintiffs were prevented from
4  performing by the acts or omissions to act on the part of the Defendants.

5       35.    On or about June 26, 2008, Nth Degree breached and repudiated the
6  Agreement by entering into a contract with RSA to manage the 2010 Conference
7  without KCP's participation, by disavowing the existence of the Agreement; by
8  terminating, or attempting to terminate, without cause, KCP's rights under the
9  Agreement, by misappropriating KCP's intellectual property, its ideas and its
10  creative talent, and by failing to account to KCP for profits.

11       36.    KCP has been damaged by the Nth Degree Defendants' breach of
12  contract in an amount according to proof, but not less than $2,000,000.00.

13  ## SECOND CAUSE OF ACTION
14  ## BREACH OF ORAL PARTNERSHIP AGREEMENT
15  (Against Nth Degree)

16       37.    Plaintiff re-alleges and incorporates by reference each and every
17  allegation in the previous paragraphs as though fully set forth herein.

18       38.    Plaintiff is informed and believes and based thereon alleges that on or
19  about December 4, 2008, KCP and the Nth Degree Defendants entered into an oral
20  Agreement to form a partnership to produce a Joint Proposal in order to secure the
21  contract to jointly manage the 2010 RSA Conference and to split any profits derived
22  therefrom.  Under the terms of the Agreement, KCP and Nth Degree each had
23  ownership rights in the partnership and the right to participate in its management.

24       39.    Plaintiff is informed and believes and based thereon alleges that KCP
25  and Nth Degree participated in the management of the partnership by paying a
26  portion of the partnership's expenses, assigning duties to partnership personnel,
27  providing time, skill and expertise and monitoring the partnership's performance.

28       40.    Plaintiff performed all conditions, covenants, and promises required on

COMPLAINT

1   its part to be performed in accordance with the terms of the Agreement, except for

2   those conditions, covenants, and promises which were excused by the Defendants

3   and/or conditions, covenants, and promises which Plaintiffs were prevented from

4   performing by the acts or omissions to act on the part of the Defendants.

5       41.   On or about June 26, 2008, the Nth Degree Defendants, and each of

6   them, breached and repudiated the partnership by entering into a contract with RSA

7   to manage the 2010 Conference without KCP's participation, by disavowing the

8   existence of the partnership; by terminating, or attempting to terminate, without

9   cause, KCP's rights under the partnership, by misappropriating KCP's intellectual

10  property, its ideas and its creative talent, and by failing to account to KCP for profits

11  due.

12      42.   KCP has been damaged by the Nth Degree Defendants' breach of

13  partnership agreement in an amount according to proof, but not less than

14  $2,000,000.00.

15  **THIRD CAUSE OF ACTION**

16  **BREACH OF IMPLIED PARTNERSHIP**

17  (Against Nth Degree)

18      43.   Plaintiff re-alleges and incorporates by reference each and every

19  allegation in the previous paragraphs as though fully set forth herein.

20      44.   Plaintiff is informed and believes and based thereon alleges that on or

21  about December 4, 2008, the Nth Degree Defendants began to engage in a series of

22  acts and conduct that implied it had entered into a partnership with KCP to produce

23  a Joint Proposal in order to secure the contract to jointly manage the 2010 RSA

24  Conference and to split any profits derived therefrom. KCP and Nth Degree each

25  had ownership rights in the implied partnership and the right to participate in its

26  management.

27      45.   Plaintiff is informed and believes and based thereon alleges that KCP

28  and Nth Degree participated in the management of the implied partnership by paying

1   a portion of the implied partnership's expenses, assigning duties to partnership

2   personnel, providing time, skill and expertise and monitoring the partnership's

3   performance.

4       46.   Plaintiff performed all conditions, covenants, and promises required on

5   its part to be performed in accordance with the terms of the Agreement, except for

6   those conditions, covenants, and promises which were excused by the Defendants

7   and/or conditions, covenants, and promises which Plaintiffs were prevented from

8   performing by the acts or omissions to act on the part of the Defendants.

9       47.   On or about June 26, 2008, the Nth Degree Defendants, and each of

10  them, breached and repudiated the implied partnership by entering into a contract

11  with RSA to manage the 2010 Conference without KCP's participation, by

12  disavowing the existence of the partnership; by terminating, or attempting to

13  terminate, without cause, KCP's rights under the partnership, by misappropriating

14  KCP's intellectual property, its ideas and its creative talent, and by failing to account

15  to KCP for profits due.

16      48.   KCP has been damaged by the Nth Degree Defendants' breach of

17  partnership agreement in an amount according to proof, but not less than

18  $2,000,000.00.

19                   **FOURTH CAUSE OF ACTION**

20        **BREACH OF ORAL JOINT VENTURE AGREEMENT**

21                       (Against Nth Degree)

22      49.   Plaintiff re-alleges and incorporates by reference each and every

23  allegation in the previous paragraphs as though fully set forth herein.

24      50.   Plaintiff is informed and believes and based thereon alleges that on or

25  about December 4, 2008, KCP and the Nth Degree Defendants entered into an oral

26  Agreement to form a joint venture to produce a Joint Proposal in order to secure the

27  contract to jointly manage the 2010 RSA Conference and to split any profits derived

28  therefrom.  Under the terms of the Agreement, KCP and Nth Degree each had

1  ownership rights in the joint venture and the right to participate in its management.

2      51.   Plaintiff is informed and believes and based thereon alleges that KCP

3  and Nth Degree participated in the management of the joint venture by paying a

4  portion of the joint venture's expenses, assigning duties to joint venture personnel,

5  providing time, skill and expertise and monitoring the joint venture's performance.

6      52.   Plaintiff performed all conditions, covenants, and promises required on

7  its part to be performed in accordance with the terms of the Agreement, except for

8  those conditions, covenants, and promises which were excused by the Defendants

9  and/or conditions, covenants, and promises which Plaintiffs were prevented from

10  performing by the acts or omissions to act on the part of the Defendants.

11      53.   On or about June 26, 2008, the Nth Degree Defendants, and each of

12  them, breached and repudiated the joint venture by entering into a contract with RSA

13  to manage the 2010 Conference without KCP's participation, by disavowing the

14  existence of the joint venture; by terminating, or attempting to terminate, without

15  cause, KCP's rights under the joint venture, by misappropriating KCP's intellectual

16  property, its ideas and its creative talent, and by failing to account to KCP for profits

17  due.

18      54.   KCP has been damaged by the Nth Degree Defendants' breach of joint

19  venture agreement in an amount according to proof, but not less than $2,000,000.00.

20  **FIFTH CAUSE OF ACTION**

21  **BREACH OF IMPLIED JOINT VENTURE**

22  (Against Nth Degree)

23      55.   Plaintiff re-alleges and incorporates by reference each and every

24  allegation in the previous paragraphs as though fully set forth herein.

25      56.   Plaintiff re-alleges and incorporates by reference each and every

26  allegation in the previous paragraphs as though fully set forth herein.

27      57.   Plaintiff is informed and believes and based thereon alleges that on or

28  about December 4, 2008, the Nth Degree Defendants began to engage in a series of

1   acts and conduct that implied it had entered into a joint venture with KCP to produce
2   a Joint Proposal in order to secure the contract to jointly manage the 2010 RSA
3   Conference and to split any profits derived therefrom.  KCP and Nth Degree each
4   had ownership rights in the implied joint venture and the right to participate in its
5   management.

6       58.   Plaintiff is informed and believes and based thereon alleges that KCP
7   and Nth Degree participated in the management of the implied joint venture by
8   paying a portion of the implied joint venture's expenses, assigning duties to joint
9   venture personnel, providing time, skill and expertise and monitoring the joint
10  venture's performance.

11      59.   Plaintiff performed all conditions, covenants, and promises required on
12  its part to be performed in accordance with the terms of the Agreement, except for
13  those conditions, covenants, and promises which were excused by the Defendants
14  and/or conditions, covenants, and promises which Plaintiffs were prevented from
15  performing by the acts or omissions to act on the part of the Defendants.

16      60.   On or about June 26, 2008, the Nth Degree Defendants, and each of
17  them, breached and repudiated the implied joint venture by entering into a contract
18  with RSA to manage the 2010 Conference without KCP's participation, by
19  disavowing the existence of the joint venture; by terminating, or attempting to
20  terminate, without cause, KCP's rights under the joint venture, by misappropriating
21  KCP's intellectual property, its ideas and its creative talent, and by failing to account
22  to KCP for profits due.

23      61.   KCP has been damaged by the Nth Degree Defendants' breach of joint
24  venture agreement in an amount according to proof, but not less than $2,000,000.00.

25              **SIXTH CAUSE OF ACTION**
26              **PROMISSORY ESTOPPEL**
27                 (Against Nth Degree)
28      62.   Plaintiff re-alleges and incorporates by reference each and every

allegation in the previous paragraphs as though fully set forth herein.

63.   On or about December 4, 2008, Nth Degree promised KCP in clear and unambiguous terms, that it would share in the profits derived from the management of the 2010 RSA Conference in exchange for KCP's assistance and expertise in producing the Joint Proposal.

64.   KCP, in actual and reasonable reliance on the Nth Degree's promises, were induced to invest time, expense and expertise in producing the Joint Proposal.

65.   KCP's reliance on Nth Degree's promise was reasonable and foreseeable.

66.   Nth Degree intended its promise to induce such reasonable and foreseeable reliance.

67.   On or about June 26, 2008, the Nth Degree Defendants, and each of them, breached and repudiated the Agreement, partnership and joint venture by entering into a contract with RSA to manage the 2010 Conference without KCP's participation, by disavowing the existence of the Agreement, partnership and joint venture, by terminating, or attempting to terminate, without cause, KCP's rights under the Agreement, partnership and joint venture , by misappropriating KCP's intellectual property, its ideas and its creative talent, and by failing to account to KCP for profits due.

68.   KCP detrimentally relied upon Nth Degree's promises, and has been damaged thereby in an amount according to proof, but not less than $2,000,000.00.

69.   Injustice can only be avoided by enforcement of the Defendants' promise.

## SEVENTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

(Against Nth Degree)

70.   Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

-12-

71.    The formation of a partnership or joint venture between KCP and the Nth Degree Defendants imposed upon the Nth Degree Defendants the highest duty of good faith, loyalty, truth, candor and fidelity to KCP.

72.    Plaintiff is informed and believes and based thereon alleges that on or about June 26, 2008, the Nth Degree Defendants, and each of them, breached the fiduciary duties they owed to KCP by entering into a contract with RSA to manage the 2010 Conference without KCP's participation, by disavowing the existence of the partnership, joint venture and Agreement, by terminating, or attempting to terminate, without cause, KCP's rights under the partnership, joint venture and Agreement; by misappropriating KCP's intellectual property, its ideas and its creative talent, and by failing to account to KCP for profits due.

73.    KCP has been damaged by the Nth Degree Defendants' breach of fiduciary duty in an amount according to proof, but not less than $2,000,000.00.

## EIGHTH CAUSE OF ACTION
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
(Against Nth Degree)

74.    Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

75.    The Agreement contained an implied covenant of good faith and fair dealing prohibiting the parties from actions or omissions that would deprive the other party of any of its rights under the terms of the Agreement.

76.    On or about June 26, 2008, the Nth Degree Defendants, and each of them, breached the implied covenant of good faith and fair dealing by entering into a contract with RSA to manage the 2010 Conference without KCP's participation, by disavowing the existence of the Agreement; by terminating, or attempting to terminate, without cause, KCP's rights under the Agreement, by misappropriating KCP's intellectual property, its ideas and its creative talent, and by failing to account to KCP for profits due.

1    77.    KCP has been damaged by the Nth Degree Defendants' breach of the

2    covenant of good faith and fair dealing in an amount according to proof, but not less

3    than $2,000,000.00.

### NINTH  CAUSE OF ACTION

### UNJUST ENRICHMENT

(Against Nth Degree)

7    78.    Plaintiff re-alleges and incorporates by reference each and every

8    allegation in the previous paragraphs as though fully set forth herein.

9    79.    In exchange for the development of the Joint Proposal, which Nth

10   Degree had insufficient experience and creativity to produce on its own, the Nth

11   Degree Defendants agreed to ensure that Plaintiff would share in the profits derived

12   from the management of the 2010 Conference.  Instead, Plaintiff is informed and

13   believe, Nth Degree denied Plaintiffs' rights and entered into an agreement with

14   RSA to manage the 2010 Conference to the exclusion of KCP, costing KCP

15   significant profits.

16   80.    Plaintiffs performed all conditions required of it under the Agreement,

17   and satisfied all of their obligations under the Agreement, except for those

18   conditions, covenants, and promises which were excused by the Defendants and/or

19   conditions, covenants, and promises which Plaintiffs were prevented from

20   performing by the acts or omissions to act on the part of the Defendants.

21   81.    As a result of their actions stated above, the RSA Defendants were

22   unjustly enriched at the expense of KCP.  KCP has not received the reasonable value

23   of its services, or the amounts to which it is entitled under the Agreement.  KCP, by

24   performing all conditions under the Agreement, the partnership and/or the joint

25   venture, suffered a loss because of the Nth Degree Defendants' failure to

26   compensate them as agreed.  Likewise, by contracting with RSA to the exclusion of

27   KCP, with full knowledge of, and disregard for, KCP's rights in the Agreement,

28   partnership and joint venture as a result of the fruits of Plaintiffs' labor, experience,

1  expertise and business relationships, the RSA Defendants have been and will

2  continue to be unjustly enriched from the management of the 2010 RSA Conference

3  because KCP was not paid its share of the profits.

4      82.    As a further direct and proximate result of the RSA Defendants' breach

5  of the Agreement, and the conscious interference with KCP's rights under the

6  Agreement, the partnership and the joint venture, KCP has suffered significant

7  damages and out of pocket expenses all in a sum to be determined according to

8  proof at trial, but not less than $2,000,000.00.

9              **TENTH  CAUSE OF ACTION**

10             **UNFAIR BUSINESS PRACTICES**

11                  (Against Nth Degree)

12     83.    Plaintiff re-alleges and incorporates by reference each and every

13  allegation in the previous paragraphs as though fully set forth herein.

14     84.    On information and belief, KCP alleges that Nth Degrees competitors,

15  as well as members of the general public, have been, are currently being, and will

16  continue to be victimized by fraudulent, deceptive, unlawful and/or illegal business

17  acts and practices by Nth Degree.

18     85.    KCP brings this action pursuant to *California Business & Professions*

19  *Code* §§ 17200, 17535 and *Code of Civil Procedure* §§ 1021 and 1021.5 as a private

20  attorney general, on behalf of, and for the benefit of, the general public.

21     86.    Nth Degree, by committing the acts alleged herein, has engaged in

22  unlawful, unfair and deceptive business acts and/or practices that constitute unfair

23  competition and practices within the meaning of *California Business & Professions*

24  *Code* §§ 17200, et seq.

25     87.    Nth Degree acted unlawfully by the acts and omissions complained of

26  herein, and such unlawful acts and/or omissions may be redressed and KCP has been

27  personally affected and damaged, and even though there is no private right of action.

28     88.    Nth Degrees has engaged in a pattern and practice of unfairly

COMPLAINT

1    competing with KCP and other competitor's business operations by interfering with

2    existing and prospective economic relationships, by misappropriating KCP's

3    creativity and ideas, by conversion of KCP's intellectual property and by palming

4    off of KCP's ideas and the physical expression of said ideas as their own.

5        89.    A business practice that violates any law constitutes an unlawful

6    business practice within the meaning of *Business & Professions Code* §§17200, et

7    seq.

8        90.    Unless restrained by this Court, Nth Degree will continue to engage in

9    violation of law in its business practices as alleged herein.

10       91.    Nth Degree acted unfairly in that the acts and practices complained of

11   have caused injury to his competitors and/or to the consuming public by violating

12   the policy and spirit of the law and have significantly harmed competition.

13       92.    There is consumer injury that is substantial, and not merely trivial or

14   speculative, in that the injury constitutes monetary harm.

15       93.    The acts and practices complained on are not outweighed by any

16   countervailing benefits to either consumers or to competition.

17       94.    The consumer injuries complained of are injuries that the consumers

18   could not have reasonable avoided.

19       95.    Nth Degree has made statements and/or communications in the course

20   of its business acts and practices which are likely to deceive members of the general

21   public, including those members to whom the statements and/or communications are

22   targeted.

23       96.    This action will result in the enforcement of important rights affecting

24   the public interest and significant benefits will be conferred on the general public or

25   to a large class of persons.

## PRAYER FOR RELIEF

27   WHEREFORE, Plaintiff Kahn Creative Partners, Inc. prays for judgment

28   against Defendants Nth Degree, Inc. aka Beyond the Nth Degree, Inc. and Does 1

through 10, inclusive as follows:

1.  For injunctive relief;

2.  For general damages according to proof ay trial;

3.  For special damages according to proof ay trial;

4.  For exemplary damages in an amount sufficient to punish the Defendants and to deter similar wrongful conduct in the future;

5.  For disgorgement;

6.  For restitution;

7.  For interest at the maximum rate allowed by law from the date of Defendants' breach;

8.  For an accounting;

9.  For the imposition of a constructive trust;

10. For attorneys' fees;

11. For costs;

12. For such other relief as the court deems just and proper.

Dated: February 8, 2010

**THE ALTMAN LAW GROUP**

By: _____
Bryan C. Altman
Attorneys for Plaintiff Kahn Creative
Partners, Inc.

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV10- 932 DSF (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]  Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ]  Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ]  Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
THE ALTMAN LAW GROUP
BRYAN C. ALTMAN (State Bar No. 122976)
JASON L. WEISBERG (State Bar No. 150436)
8484 Wilshire Blvd. Suite 510
Beverly Hills, California 90211

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHN CREATIVE PARTNERS, INC., an Illinois corporation<br><br><br>PLAINTIFF(S)<br>v.<br><br>NTH DEGREE, INC. aka BEYOND THE NTH DEGREE, INC., a Delaware corporation; and DOES 1 through 10, inclusive<br>DEFENDANT(S). | CASE NUMBER<br><br>CV10-00932-DSF(FFMx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>NTH DEGREE, INC. aka BEYOND THE NTH DEGREE, INC., a Delaware</u>
<u>corporation; and DOES 1 through 10, inclusive</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Bryan C. Altman</u>, whose address is <u>The Altman Law Group, 8484 Wilshire Blvd., Ste. 510, Beverly Hills, CA 90211</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __8 FEB 2010__

By: _____
MARILYN DAVIS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                                    SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>KAHN CREATIVE PARTNERS, INC., an Illinois corporation | **DEFENDANTS**<br>NTH DEGREE, INC. aka BEYOND THE NTH DEGREE, INC., a Delaware corporation; and DOES 1 through 10, inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>THE ALTMAN LAW GROUP<br>BRYAN C. ALTMAN (State Bar No. 122976)<br>8484 Wilshire Blvd., Ste. 510, Beverly Hills, CA 90211; 323-653-5581 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans). | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 355 Motor Vehicle Product Liability | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 160 Stockholders' Suits | ☐ 443 Housing/Acco- mmodations | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | |
| ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | |

CV10-00932

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Georgia |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _Bryan Altschul_   Date   2/8/2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |