Mindy S. Novick (SBN 251083)
Adam Y Siegel (SBN 238568)
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Tel:   (213) 689-0404
Fax:  (213) 689-0430
novickm@jacksonlewis.com
siegela@jacksonlewis.com

Attorneys for Defendant
NTH DEGREE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHN CREATIVE PARTNERS, INC., an Illinois corporation<br><br>Plaintiff,<br><br>vs.<br><br>NTH DEGREE, INC. aka BEYOND THE NTH DEGREE, INC., a Delaware corporation; and DOES 1 TO 10, inclusive,<br><br>Defendants. | CASE NO.:  CV10-00932 DSF (FFMx)<br><br>**DEFENDANT NTH DEGREE, INC. aka BEYOND NTH DEGREE, INC.'S ANSWER TO PLAINTIFF KAHN CREATIVE PARTNERS, INC.'S COMPLAINT**<br><br>Complaint filed:   February 8, 2010<br>Trial Date: |

Defendant NTH DEGREE, INC. aka BEYOND NTH DEGREE, INC. ("Defendant" or "Nth Degree") for itself and no other Defendant, files its Answer to Plaintiff KAHN CREATIVE PARTNERS, INC. ("Plaintiff" or "KCP") Complaint and answers the allegations in the Complaint, in numerical order by paragraph, as contained in Plaintiff's Complaint as follows:

/ / /

/ / /

/ / /

1. Defendant admits the Court has jurisdiction over this action pursuant to diversity of citizenship. Defendant denies each and every other allegation set forth in paragraph 1 of the Complaint.

2. Upon information and belief, Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3. Defendant admits the allegations set forth in paragraph 3 of the Complaint.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Defendant denies each and every allegation set forth in paragraph 5 of the Complaint.

6. Defendant denies each and every allegation set forth in paragraph 6 of the Complaint.

7. Defendant denies each and every allegation set forth in paragraph 7 of the Complaint and avers that Nth Degree, Inc. is a corporation duly organized under the laws of the state of Delaware.

8. Defendant denies each and every allegation set forth in paragraph 8 of the Complaint.

9. Defendant denies each and every allegation set forth in paragraph 9 of the Complaint.

10. Defendant neither admits nor denies the allegations set forth in paragraph 10 of the Complaint.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. Defendant admits RSA Conference is an industry conference for information technology security and avers Defendant has managed the RSA Conference in the United States and Europe since 2003. Defendant denies each and every other allegation set forth in paragraph 11 of the Complaint.

12. Defendant denies each and every allegation set forth in paragraph 12 of the Complaint and avers that in or about June or July 2008 Robert Lowe ("Lowe"), employee

of Nth Degree contacted Sharon Weber ("Weber") of Plaintiff to discuss the possibility of working together on responding to a not yet published Request For Proposal ("RFP") from RSA Conference.

13. Defendant denies each and every allegation set forth in paragraph 13 of the Complaint and avers representatives from Defendant met with representatives from Plaintiff on or about August 6, 2008 to discuss the possibility of working together on responding to a not yet published RFP from RSA Conference.

14. Defendant admits the allegations set forth in paragraph 14 of the Complaint.

15. Defendant admits the allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies each and every allegation set forth in paragraph 16 of the Complaint and avers that Lowe scheduled a meeting among representatives of Nth Degree, Plaintiff and RSA Conference to introduce Plaintiff to RSA Conference.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Defendant denies each and every allegation set forth in paragraph 18 of the Complaint and avers that on February 12, 2009 Lowe and Weber met with Bruce Porter, who is not an employee of Defendant and Jeanne Blair in Marina del Rey and Karen Daniele by telephone to brainstorm ideas for a response to the RSA Conference RFP.

19. Defendant denies each and every allegation set forth in paragraph 19 of the Complaint and avers that the focus of the meeting was the need of RSA Conference to stay relevant for its target audience. Defendant further avers that it sought to work with Plaintiff generally to provide the response to the marketing aspect of RSA Conference's RFP.

20. Defendant denies each and every allegation set forth in paragraph 20 of the Complaint and avers that at no time did Defendant contemplate or state expressly or impliedly that Plaintiff would be "manage" the 2010 RSA Conference.

21. Defendant denies each and every allegation set forth in paragraph 21 of the Complaint.

1  22. Defendant denies each and every allegation set forth in paragraph 22 of the Complaint.

2  23. Defendant denies each and every allegation set forth in paragraph 23 of the Complaint and avers that on or about January 22, 2009 Defendant received RSA's Request for Proposal ("RFP").

3  24. Defendant denies each and every allegation set forth in paragraph 24 of the Complaint and avers that Plaintiff and Defendant collaborated on a response to RSA Conference's RFP and Request for Information ("RFI"), except defendant denies knowledge or information sufficient to form a belief as to the number of hours or dollars expended by Plaintiff to produce its part of the response except to the extent Plaintiff invoiced Defendant for expenses incurred, which invoices were paid in full by Defendant.

4  25. Defendant denies each and every allegation set forth in paragraph 25 of the Complaint and avers Plaintiff and Defendant collaborated on a response to RSA Conference's RFP and RFI which response contained eight parts and was submitted to RSA Conference on May 8, 2009.

5  26. Defendant denies each and every allegation set forth in paragraph 26 of the Complaint.

6  27. Defendant admits the allegations set forth in paragraph 27 of the Complaint.

7  28. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint except admits upon information and belief that Plaintiff participated in a presentation to RSA Conference on May 26, 2009.

8  29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 and avers upon information and belief that Plaintiff was not awarded any part of its proposal by RSA.

9  30. Defendant denies each and every other allegation set forth in paragraph 30 of the Complaint, except Defendant denies knowledge or information sufficient to form a

belief as to how or when Plaintiff learned any information regarding the RSA Conference award and avers it was awarded the logistics portion of the proposal to Defendant.

31. Defendant denies each and every allegation set forth in paragraph 31 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION

### (breach of oral contract)

32. Paragraph 32 requires neither an admission nor denial by Defendant, but to the extent it gives rise to an inference that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied. Defendant repeats and realleges each and every response to Paragraphs 1-31 as if fully set forth herein.

33. Defendant denies each and every allegation set forth in paragraph 33 of the Complaint.

34. Defendant denies each and every allegation set forth in paragraph 34 of the Complaint.

35. Defendant denies each and every allegation set forth in paragraph 35 of the Complaint.

36. Defendant denies each and every allegation set forth in paragraph 36 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

### (breach of oral partnership agreement)

37. Paragraph 37 requires neither an admission nor denial by Defendant, but to the extent it gives rise to an inference that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied. Defendant repeats and realleges each and every response to Paragraphs 1-36 as if fully set forth herein.

38. Defendant denies each and every allegation set forth in paragraph 38 of the Complaint.

39. Defendant denies each and every allegation set forth in paragraph 39 of the Complaint, and avers that Plaintiff and Defendant collaborated on the response to RSA

Conferences' RFP and RFI and that Defendant oversaw the coordination of the various parts of the proposal. Defendant further avers that Defendant reimbursed invoiced expenses incurred in the preparation of the response to the RFP and RFI incurred by Plaintiff and bore its own expenses incurred in furtherance of completing the response to the RSA Conference's RFP and RFI.

40. Defendant denies each and every allegation set forth in paragraph 40 of the Complaint.

41. Defendant denies each and every allegation set forth in paragraph 41 of the Complaint.

42. Defendant denies each and every allegation set forth in paragraph 42 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION

### (breach of implied partnership)

43. Paragraph 43 requires neither an admission nor denial by Defendant, but to the extent it gives rise to an inference that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied. Defendant repeats and realleges each and every response to Paragraphs 1-42 as if fully set forth herein.

44. Defendant denies each and every allegation set forth in paragraph 44 of the Complaint.

45. Defendant denies each and every allegation set forth in paragraph 45 of the Complaint and avers that Defendant reimbursed out-of-pocket expenses incurred in the preparation of the response to the RFP and RFI but did not pay any other expenses incurred by Plaintiff and bore its own expenses incurred in furtherance of completing the response to the RSA Conference's RFP and RFI.

46. Defendant denies each and every allegation set forth in paragraph 46 of the Complaint.

47. Defendant denies each and every allegation set forth in paragraph 47 of the Complaint.

48. Defendant denies each and every allegation set forth in paragraph 48 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

**(breach of oral joint venture agreement)**

49. Paragraph 49 requires neither an admission nor denial by Defendant, but to the extent it gives rise to an inference that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied.  Defendant repeats and realleges each and every response to Paragraphs 1-48 as if fully set forth herein.

50. Defendant denies each and every allegation set forth in paragraph 50 of the Complaint.

51. Defendant denies each and every allegation set forth in paragraph 51 of the Complaint and Defendant avers that Defendant reimbursed invoiced expenses incurred in the preparation of the response to the RFP and RFI incurred by Plaintiff and bore its own expenses incurred in furtherance of completing the response to the RSA Conference's RFP and RFI.

52. Defendant denies each and every allegation set forth in paragraph 52 of the Complaint.

53. Defendant denies each and every allegation set forth in paragraph 53 of the Complaint.

54. Defendant denies each and every allegation set forth in paragraph 54 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION

**(breach of implied joint venture)**

55. Paragraph 55 requires neither an admission nor denial by Defendant, but to the extent it gives rise to an inference that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied.  Defendant repeats and realleges each and every response to Paragraphs 1-54 as if fully set forth herein.

56. Paragraph 56 requires neither an admission nor denial by Defendant, but to the extent it gives rise to an inference that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied. Defendant repeats and realleges each and every response to Paragraphs 1-54 as if fully set forth herein.

57. Defendant denies each and every allegation set forth in paragraph 57 of the Complaint.

58. Defendant denies each and every allegation set forth in paragraph 58 of the Complaint and avers that Defendant reimbursed invoiced expenses incurred in the preparation of the response to the RFP and RFI incurred by Plaintiff and bore its own expenses incurred in furtherance of completing the response to the RSA Conference's RFP and RFI.

59. Defendant denies each and every allegation set forth in paragraph 59 of the Complaint.

60. Defendant denies each and every allegation set forth in paragraph 60 of the Complaint.

61. Defendant denies each and every allegation set forth in paragraph 61 of the Complaint.

## AS TO THE SIXTH CAUSE OF ACTION

### (promissory estoppels)

62. Paragraph 62 requires neither an admission nor denial by Defendant, but to the extent it gives rise to an inference that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied. Defendant repeats and realleges each and every response to Paragraphs 1-61 as if fully set forth herein.

63. Defendant denies each and every allegation set forth in paragraph 63 of the Complaint.

64. Defendant denies each and every allegation set forth in paragraph 64 of the Complaint.

65. Defendant denies each and every allegation set forth in paragraph 65 of the Complaint.

66. Defendant denies each and every allegation set forth in paragraph 66 of the Complaint.

67. Defendant denies each and every allegation set forth in paragraph 67 of the Complaint.

68. Defendant denies each and every allegation set forth in paragraph 68 of the Complaint.

69. Defendant denies each and every allegation set forth in paragraph 69 of the Complaint.

## AS TO THE SEVENTH CAUSE OF ACTION

### (breach of fiduciary duty)

70. Paragraph 70 requires neither an admission nor denial by Defendant, but to the extent it gives rise to an inference that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied.  Defendant repeats and realleges each and every response to Paragraphs 1-69 as if fully set forth herein.

71. Defendant denies each and every allegation set forth in paragraph 71 of the Complaint.

72. Defendant denies each and every allegation set forth in paragraph 72 of the Complaint.

73. Defendant denies each and every allegation set forth in paragraph 73 of the Complaint.

## AS TO THE EIGHTH CAUSE OF ACTION

### (breach of the covenant of good faith and fair dealing)

74. Paragraph 74 requires neither an admission nor denial by Defendant, but to the extent it gives rise to an inference that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied.  Defendant repeats and realleges each and every response to Paragraphs 1-73 as if fully set forth herein.

75. Defendant denies each and every allegation set forth in paragraph 75 of the Complaint.

76. Defendant denies each and every allegation set forth in paragraph 76 of the Complaint.

77. Defendant denies each and every allegation set forth in paragraph 77 of the Complaint.

### AS TO THE NINTH CAUSE OF ACTION

**(unjust enrichment)**

78. Paragraph 78 requires neither an admission nor denial by Defendant, but to the extent it gives rise to an inference that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied. Defendant repeats and realleges each and every response to Paragraphs 1-77 as if fully set forth herein.

79. Defendant denies each and every allegation set forth in paragraph 79 of the Complaint.

80. Defendant denies each and every allegation set forth in paragraph 80 of the Complaint.

81. Defendant denies each and every allegation set forth in paragraph 81 of the Complaint except Defendant neither admits nor denies the allegations as to RSA Defendants.

82. Defendant denies each and every allegation set forth in paragraph 82 of the Complaint except Defendant neither admits nor denies the allegations as to RSA Defendants.

### AS TO THE TENTH CAUSE OF ACTION

**(unfair business practices)**

83. Paragraph 83 requires neither an admission nor denial by Defendant, but to the extent it gives rise to an inference that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied. Defendant repeats and realleges each and every response to Paragraphs 1-82 as if fully set forth herein.

| | |
|---|---|
| 1 | 84.   Defendant denies each and every allegation set forth in paragraph 84 of the Complaint. |
| 2 | |
| 3 | 85.   Paragraph 85 requires neither an admission nor denial by Defendant, but to the extent it gives rise to an inference that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied. |
| 4 | |
| 5 | |
| 6 | 86.   Defendant denies each and every allegation set forth in paragraph 86 of the Complaint. |
| 7 | |
| 8 | 87.   Defendant denies each and every allegation set forth in paragraph 87 of the Complaint. |
| 9 | |
| 10 | 88.   Defendant denies each and every allegation set forth in paragraph 88 of the Complaint. |
| 11 | |
| 12 | 89.   Paragraph 89 requires neither an admission nor denial by Defendant, but to the extent it gives rise to an inference that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied. |
| 13 | |
| 14 | |
| 15 | 90.   Defendant denies each and every allegation set forth in paragraph 90 of the Complaint. |
| 16 | |
| 17 | 91.   Defendant denies each and every allegation set forth in paragraph 91 of the Complaint. |
| 18 | |
| 19 | 92.   Defendant denies each and every allegation set forth in paragraph 92 of the Complaint. |
| 20 | |
| 21 | 93.   Defendant denies each and every allegation set forth in paragraph 93 of the Complaint. |
| 22 | |
| 23 | 94.   Defendant denies each and every allegation set forth in paragraph 94 of the Complaint. |
| 24 | |
| 25 | 95.   Defendant denies each and every allegation set forth in paragraph 95 of the Complaint. |
| 26 | |
| 27 | 96.   Defendant denies each and every allegation set forth in paragraph 96 of the Complaint. |
| 28 | |

97. The remainder of the Complaint is a request for relief requiring neither admission nor denial by Defendant, but to the extent that the request for relief gives rise to any inference that Plaintiff is entitled to any remedy or relief from Defendant, such inference is denied.

98. Unless otherwise responded to herein, Defendant denies the remaining allegations of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint as a whole, and each purported claim for relief alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's Complaint and each cause of action therein is barred in whole or in part by the applicable statutes of limitations including California Code of Civil Procedure §335.1, §338, §340(c), §343, §337 and §339, and/or Business and Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant alleges, on information and belief, that Plaintiff has failed to act reasonably to mitigate the damages which it alleges in this action.

### FOURTH AFFIRMATIVE DEFENSE

4. If Plaintiff prevails, Defendant is entitled to set off for any monies received by Plaintiff from Defendant for services provided.

### FIFTH AFFIRMATIVE DEFENSE

5. If and to the extent Plaintiff has sustained damages, which Defendant disputes, the alleged damages were not proximately caused by any conduct of Defendant as alleged or otherwise.

/ / /

## SIXTH AFFIRMATIVE DEFENSE

6. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the doctrines of waiver and consent.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's Complaint, and any purported cause of action alleged therein, is barred by the equitable doctrines of estoppel, laches, and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

8. Any damage allegedly suffered by Plaintiff was caused by risks of which it was well aware and which it voluntarily assumed.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claim for exemplary and punitive damages is barred because Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of Civil Code § 3294.

## TENTH AFFIRMATIVE DEFENSE

10. Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred because any and all alleged injuries or damages to Plaintiff, the existence of which is specifically denied, were proximately caused or contributed to by the conduct of Plaintiff and/or third parties beyond Defendant's supervision or control.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff was unjustified in relying upon any alleged misrepresentations of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred as no oral or implied contract, partnership, and/or joint venture existed between Plaintiff and Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred by the statutory and common law statute of frauds.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred on the grounds that, if the contract, partnership, and/or joint venture alleged by Plaintiff did exist, which Defendant disputes, they were terminated.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred on the grounds that, if the contract, partnership, and/or joint venture alleged by Plaintiff did exist, which Defendant disputes, they were modified.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred on the grounds that, as to each and every oral, implied or other relationship alleged, Plaintiff has failed to fulfill conditions precedent to the enforcement of said contract, partnership, and/or joint venture.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that the terms of any alleged contract, partnership, and/or joint venture between Plaintiff and Defendant was materially breached and repudiated by Plaintiff, and it is, therefore, entitled to no relief upon such contract.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because the alleged contract, partnership, and/or joint venture are too vague and ambiguous to be enforceable.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff is barred from recovery against Defendant for breach of written, oral and/or implied contract, partnership, and/or joint venture because the parties never had a meeting of the minds.

/ / /

/ / /

## TWENTIETH AFFIRMATIVE DEFENSE

20. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred on the grounds that, if the contract, partnership, and/or joint venture alleged by Plaintiff did exist, which Defendant disputes, they were void.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred on the grounds that, if the contract, partnership, and/or joint venture alleged by Plaintiff did exist, which Defendant disputes, they were voidable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Any recovery on Plaintiff's Complaint for oral or implied contract, partnership, and/or joint venture is barred on the grounds that no such relationship was executed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Without admitting the allegations of the Complaint, Plaintiff's claim under Business & Professions Code sections 17000, et seq. is barred in that the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, that Defendant gained no competitive advantage by such practices, and that the benefits of the alleged practices outweigh any harm or other impact they may cause

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Although Defendant denies it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the Self-Incrimination Clause of the Fifth Amendment, and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due

Process Clause of Section 7 of Article I, the Self-Incrimination Clause of Section 15 of Article I, and other provisions of the California Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's Complaint, and each alleged cause of action, fails to state a claim for attorneys' fees.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff's Complaint, and each alleged cause of action therein, is barred by the doctrine of accord and satisfaction.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant's right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved

Respectfully submitted,

Dated:   April 13, 2010         JACKSON LEWIS LLP

By:   /s/ Mindy S. Novick
      Mindy S. Novick
      Adam Y. Siegel

Attorneys for Defendant
NTH DEGREE, INC. aka
BEYOND NTH DEGREE. INC.