1 | **THE ALTMAN LAW GROUP**
2 | BRYAN C. ALTMAN (State Bar No. 122976)
   | MICHAEL T. SMITH (State Bar No. 170522)
   | 8484 Wilshire Blvd. Suite 510
3 | Beverly Hills, California 90211
   | Telephone: (323) 653-5581
4 | Fax: (323) 653-5542
   | Attorneys for Plaintiff Kahn Creative Partners, Inc.
5

6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHN CREATIVE PARTNERS, INC., an Illinois corporation, | **CASE NO.: CV10-00932 JST (FFMx)** |
| Plaintiff, | [Assigned to the Hon. Josephine Staton Tucker] |
| vs. | **PLAINTIFF KAHN CREATIVE PARTNERS, INC.'S TRIAL BRIEF** |
| NTH DEGREE, INC. aka BEYOND THE NTH DEGREE, INC., a Delaware corporation; and DOES 1 through 10, inclusive, | [**Local Rule 16-4**] |
| Defendants. | Courtroom: 10A |
| | Complaint filed: February 8, 2010 |
| | Trial Date: May 10, 2011 |

Pursuant to Local Rule 16-4, plaintiff Kahn Creative Partners, Inc.,

("KCP" or "Plaintiff") hereby submits its trial brief in support of its claims for (1)

implied partnership, (2) implied joint venture, (3) breach of fiduciary duties, (4)

unjust enrichment and (5) unfair business practices in violation of California

*Business and Professions Code* section 17200.

# I. CLAIMS AND DEFENSES

A.  **Summary Statement of Plaintiff's Claims**
**[Local Rule 16-4.1(a)]**

This is an action by plaintiff KCP for damages and equitable relief caused by the unlawful, unfair and deceptive conduct of defendant Nth Degree, Inc. ("Nth" or "Defendant"), which breached its implied partnership agreement with KCP after luring the plaintiff to commit vast resources of its time and creative work product in order to win the RSA Conferences ("RSAC") by representing to KCP that it would jointly prepare a response to RSAC's Request For Proposal ("RFP") and would share equally in the work and profits that would result if the partnership had the winning proposal. Notwithstanding that Nth and KCP did partner and did prepare a joint proposal which wound up the winning proposal, Nth kept the win for itself, securing contracts for management of the 2010 US RSA Conference and 2010 European RSA Conference solely for itself, shutting KCP completely out of any work and revenue from those events, or the subsequent conferences that naturally and logically flowed from the winning proposal.

By shutting KCP out of all opportunities flowing from the winning proposal, Nth breached its implied partnership agreement with Nth, and KCP is, therefore, entitled to 50% of the direct profits resulting from the 2010 US RSA Conference, the 2010 European RSA Conference, the 2011 US RSA Conference, all of which have already been held, and the 2011 European RSA Conference and the

2012 US RSA Conference and 2012 European RSA Conference, all of which have not yet been held but have been awarded to Nth. Additionally, plaintiff seeks recovery for the reasonably certain profits from the 2013 through 2015 U.S. and Europe RSA Conferences which are reasonably certain to be awarded to Nth based on the Joint Proposal created and submitted by the KCP/ Nth joint partnership and joint venture.

Alternatively, Nth unfairly competed with KCP by tricking KCP into doing the bulk of the creative and strategic work on the proposal based on conduct and representations that the parties were building a partnership and that it would allow KCP to share equally in anything that was won.  Under this unfair competition theory, KCP is entitled to damages, the value of its principals' hours of labor spent during the RFP process, as well as punitive damages.

Plaintiff has pled and plans to pursue the following claims against defendant:

### 1.  <u>Breach of Implied Partnership</u>

Defendant breached an implied partnership with KCP to prepare a joint proposal to jointly manage the 2010 RSA Conferences in the US and Europe and beyond 2010, and to split any profits derived therefrom. [See *Weiner v. Fleischman* 54 Cal.3d 476, 482-483, 816 P.2d 892 - "A joint venture or partnership may be

---

formed orally or assumed to have been organized from a reasonable deduction from the acts and declarations of the parties."]

## 2.         <u>Breach of Implied Joint Venture</u>

Defendant breached an implied joint venture with KCP to prepare a joint proposal to jointly manage the 2010 RSA Conferences in the US and Europe and beyond 2010, and to split any profits derived therefrom. [See *Ibid*, *Bank of California v. Connolly* (1973) 36 Cal.App.3d 350, 111 Cal.Rptr. 468 - "A joint venture exists where there is an agreement between the parties under which they have a community of interest, that is, a joint interest, in a common business undertaking, an understanding as to the sharing of profits and losses, and a right of joint control."]

## 3.         <u>Breach of Fiduciary Duty</u>

Upon the formation of a partnership or joint venture with KCP a fiduciary duty of utmost good faith, loyalty, truth, candor and fidelity was imposed upon Nth to KCP.  Nth breached its fiduciary duty to KCP in June of 2009, by entering into a contract with RSA to manage the conferences without KCP's participation, disavowing the existence of the partnership, joint venture, and agreement, terminating the partnership, joint venture and agreement without cause after having

misappropriated KCP's intellectual property, its ideas, and creative talent, and by failing to account to KCP for its profits.  [See *Leff v. Gunter* (1983) 33 Cal. 3d 508, 513-517, 189 Cal. Rptr. 377 - Partner's secret competition with partnership/ joint venturer, exploiting partnership opportunity for personal benefit, breaches the fiduciary duty to copartners by unfair competition, even after partner's withdrawal from partnership.]

### 4.         **Unjust Enrichment**

In exchange for the development of the joint proposal for which Nth entered into a partnership, joint venture and agreement with KCP, Nth agreed to share profits derived from the management of the RSA Conferences with KCP.  Nth was unjustly enriched at the expense of KCP since KCP has not received the reasonable value of its services in developing the joint proposal or the amounts to which it is entitled to under the agreement with Nth. [See *Peterson v. Cellco Partnership*, (2008) 164 Cal.App.4th 1583, 1593, 80 Cal.Rptr.3d 316 - "The elements of an unjust enrichment claim are the receipt of a benefit and the unjust retention of the benefit at the expense of another."]

### 5.         **Unfair Business Practices**

Nth has engaged in unlawful, unfair and deceptive business acts and/or practices by, among other things, misappropriating KCP's creativity, ideas, and trademark and by doing so has caused injury to its competitors, including but not limited to KCP. [See *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, (1999) 20 Cal. 4th 163, 180, 83 Cal.Rptr.2d 548 - For a claim for "unlawful" business practice under California *Business and Professions Code* section 17200, the plaintiff must show the violation of "anything that can properly be called a business practice and that at the same time is forbidden by law."]

**B.**        **Elements of Plaintiff's Claims**
              **[Local Rule 16-4.1(b)]**

**Claim 1: Breach of Implied Partnership**

The elements required to establish this claim are:

a.        The existence of a valid implied partnership between plaintiff and defendant;

b.        Plaintiff's performance under the partnership;

c.        Defendant's unjustified failure to perform; and

d.        Damages to plaintiff caused by the breach.

[See California Jury Instructions: Civil [BAJI] § 10.85 (2008); CACI 305.]

**Claim 2: Breach of Implied Joint Venture**

The elements required to establish this claim are:

a. The existence of a valid implied joint venture between plaintiff and defendant;

b. Plaintiff's performance under the joint venture;

c. Defendant's unjustified failure to perform; and

d. Damages to plaintiff caused by the breach.

[See California Jury Instructions: Civil [BAJI] § 10.85 (2008); CACI 305.]

**Claim 3: Breach of Fiduciary Duty**

The elements required to establish this claim are:

a. Defendant was plaintiff's partner in the partnership or joint venture to produce a joint proposal to jointly manage the 2010 RSA Conferences and beyond, and, therefore, it owed plaintiff fiduciary duties of loyalty, of utmost good faith and integrity, to abstain from self-dealing at the expense of plaintiff;

b. Defendant knowingly acted against the interests of plaintiff by entering into a contract with RSA to manage the conferences without

KCP's participation, disavowing the existence of the partnership, joint venture, and agreement, terminating the partnership, joint venture and agreement without cause after having misappropriated KCP's intellectual property, its ideas, and creative talent, and by failing to account to KCP for its profit;

        c.      Plaintiff did not give informed consent to defendant's conduct;

        d.      Plaintiff was harmed by defendant's conduct; and

        e.      Defendant's conduct was a substantial factor in causing plaintiff's harm. [See CACI 4102; See *Leff v. Gunter* (1983) 33 Cal. 3d 508, 513-517, 189 Cal. Rptr. 377, See also *Bancroft-Whitney Company v. Glen*, (1966) 64 Cal.2d 327, 345-48, 49 Cal.Rptr. 825.]

### Claim 4: Unjust Enrichment

The elements required to establish this claim are:

        a.      Plaintiff provided services to defendant at its request or from which it derived a benefit;

        b.      Plaintiff had the expectation that during the time services were performed by plaintiff that compensation should be made to plaintiff if the joint proposal was accepted; and

        c.      Plaintiff rendered services to defendant at its request

under the reasonable belief that defendant would share profits and compensate plaintiff for such services if the joint proposal was accepted.

[See *Peterson v. Cellco Partnership*, (2008)164 Cal.App.4th 1583, 1593, 80 Cal.Rptr.3d 316, See also *Del Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973, 978 (9th Cir. 1987).]

### Claim 5: Unfair Business Practices

The elements required to establish this claim are:

a.     Plaintiff must have suffered an injury in fact and have lost money or property;

b.     Defendant's acts or business practices are either unlawful, unfair or fraudulent;

c.     For unfair acts or business practices, the harm to the victim must outweigh any benefits; members of the public are likely to be deceived by the defendant's acts or business practices. [See *Cal. Business & Professions Code* §§ 17200, 17204; See also *Cel-Tech Commc'ns, Inc. v.  Los Angeles Cellular Tel. Co.*, (1999) 20 Cal. 4th 163, 180, 83 Cal.Rptr. 2d 548.]

### C.     Damages Recoverable by Plaintiff:

#### 1.   All Damages Suffered by Plaintiff:

Plaintiff KCP can recover all compensatory damages in an amount which will compensate Plaintiff for all the detriment proximately caused by Nth Degree's breach of implied partnership/ implied joint venture, or which, in the ordinary course of things, would be likely to result therefrom. [See *Civil Code* section 3300; *Bardis v. Oates* 119 Cal.App.4th 1, 4, 14 Cal.Rptr.3d 89 - "Compensatory damages are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct."]

### 2.   Plaintiff's Lost Profits:

Plaintiff can recover it lost profits from Nth Degree's breach of the implied partnership or implied joint venture. [See *GHK Associates v. Mayer Group, Inc.*, (1990) 224 Cal.App.3d 856, 873-874, 274 Cal.Rptr. 168 - where breach of contract deprived the plaintiff of profits from partnership, evidence showing "reasonable basis" for calculation sufficient to uphold award of lost profits;  See also *Shanghai Automation Instrument Co., Ltd. v. Kuei* 194 F.Supp.2d 995, 1000-1001 (N.D.Cal. 2001) - plaintiff joint venturer can sue for lost profits for breach of the joint venture agreement.]

### 3.   Plaintiff's Losses and Out-of-Pocket Expenses as Special Damages:

Plaintiff can recover its out-of pocket expenses and losses caused by Nth's Degree's breach of its fiduciary duty owed to the partnership as special

damages. [See *Roberts v. Lomanto*, (2003) 112 Cal.App.4th 1553, 1559, 5 Cal.Rptr.3d 866.]

### 4.  Defendant's Gross Profits:

Plaintiff has alleged in its Complaint "misappropriation of KCP's intellectual property" (Plaintiff's Complaint, 3rd Cause of Action, Breach of Implied Partnership, ¶ 47, 5th Cause of Action, Breach of Implied Joint Venture, ¶ 60) and conversion of KCP's intellectual property (Tenth Cause of Action, Unfair Business Practices, ¶ 88).  These claims are based in part on Nth Degree's conversion  of Plaintiff's common law "KAHN CREATIVE PARTNERS" trademark used throughout the RSA CONFERENCE 2010 proposal which constitutes unlawful misappropriation of KCP's common law trademark in violation of *California Business and Professions Code* section 17200.

The Lanham Act provides that a trademark owner may recover "subject to the principles of equity ... (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). A trademark owner need not prove actual damages. Instead, once infringement is demonstrated and the infringer's gross profits derived from the infringement are shown, the burden shifts to the infringer to show "which, if any, of its total sales are not attributable to the infringing activity, and, additionally, any permissible deductions for overhead." [See *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir.1993) (citing 15

U.S.C. § 1117(a)). In addition, where the infringement is "intentional" or "knowing," a court may award treble damages. [See 15 U.S.C. § 1117(b); California *Business and Professions Code* section 17200, *et seq.*]

## 5.  An Accounting and Disgorgement of Nth's Profits to Plaintiff to Prevent Unjust Enrichment.

Plaintiff has alleged the recovery of Nth's profits by an accounting and disgorgement of Nth's profits as restitution to prevent unjust enrichment to Nth by its wrongful termination of the partnership and joint venture by wrongfully taking the partnership business awarded by the RSA Conference for Nth's own benefit, wrongfully excluding Plaintiff. [ See *Celador Intern. Ltd. v. Walt Disney Co.* 347 F.Supp.2d 846, 859 (C.D. Cal. 2004).]

## 6.  Recovery of Reasonably Certain Future Profits from Defendant:

Plaintiff can recover its loss of reasonably certain future partnership profits that Nth Degree will earn from the 2012 through 2015 RSA Conferences as reasonably certain profits that Plaintiff would have earned but for Nth Degree's wrongful breach and termination of the partnership. [See *Nelson v. Reiser* (1958) 51 Cal. 2d 161, 171-172, 331 P.2d 17; See also *Gherman v. Colburn* (1977) 72 Cal. App. 3d 544, 571-572, 140 Cal. Rptr. 330 - damages for repudiation of joint venture includes lost profits that venture could reasonably have been expected to earn during

the period of the joint venture.]

### 7. Punitive Damages to Plaintiff:

Plaintiff has alleged the recovery of exemplary damages to punish Defendant based on its claims of breach of fiduciary duties and fraudulent, unfair business practices by Defendant by disavowing the existence of the partnership, misappropriating KCP's intellectual property and by failing to account for profits to KCP. [See *Bardis v. Oates* 119 Cal.App.4th 1, 14 Cal.Rptr.3d 89 - punitive damages recoverable for fraudulent breach of fiduciary duties and partnership.]

### 8. Attorney's Fees to Plaintiff:

Plaintiff can obtain attorney's fees based on proof of intentional, deliberate or willful conversion of Plaintiff's KAHN CREATIVE PARTNERS ™ common law trademark which constitutes misappropriation of Plaintiff's trademark under the Lanham Act and unfair competition under California *Business and Professions Code* section 17200. [See *Earthquake Sound Corp. v. Bumper Industries*, 352 F. 3d 1210, 1216 (9th Cir. 2003); See also *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 656 (9th Cir. 2005).]

Plaintiff also maintains that attorneys' fees are recoverable since it is bringing this action pursuant to California *Business & Professions Code* §§ 17200 et seq and California *Code of Civil Procedure* §§ 1021 and 1021.5 as a private attorney general, on behalf of, and for the benefit of the general public. Pursuant to the

sections of these Codes cited, attorneys' fees are recoverable.

### Key Evidence in Support of Each of Plaintiff's Claims
**[Local Rule 16-4.1(c)]**

Since each of plaintiff's claims is based upon the same or essentially the same facts, the key evidence it anticipates submitting in support of each of the claims is the same, and is as follows:

1.      RSA Request for Proposal for 2010 RSA Conferences;

2.      RSA Request for Information ("RFI") for 2010 RSA European Conference;

3.      Joint Proposal submitted by KCP and Nth in response to the RFP and proposal submitted in response to the RFI;

4.      Financial records and documentation provided by defendant and the evaluation of the same by KCP and/or experts retained by KCP;

5.      E-mails between the "KCP team" and the "Nth team" relating to the formation of the implied/oral partnership and partnership agreement, the work done by both plaintiff and defendant to produce the joint proposal and for its submission to RSA, additional work done by the plaintiff and defendant in connection with the RFI;

6.      Witness testimony to be offered at trial pursuant to plaintiff's witness list submitted in accordance with Local Rule 16-5.

**D.**     **Defendant's Affirmative Defenses to KCP's Claims**
               **[Local Rule 16-4.1(d)]**

Defendant Nth Degree, Inc. has asserted the following affirmative defenses in its Memorandum of Contentions fo Law and Fact:

1.     Defendant is entitled to offset for any monies received by plaintiff from defendant if plaintiff prevails.

2.     Plaintiff's complaint is barred by the equitable doctrine of unclean hands.

**E.     Elements Required to Be Established For Defendant's Affirmative Defenses ("AD")**
**[Local Rule 16-4.1(e)]**
**AD 4:     Defendant is entitled to Offset Damages:**

Plaintiff is unaware of what authority provides for this affirmative defense other than under a theory of contribution.

**AD 7:     Equitable doctrine of unclean hands:**

For unclean hands, defendant must establish:

1.     Plaintiff has violated a duty of good faith or has acted unconscionably;

2.     In connection with the same subject matter or relationship out of which plaintiff claims a right to relief. *Liberty Mutual Ins. Co. V. Colonial Ins. Co.*, 8 Cal.App.3d 427, 433 (1970).

**F.     KCP's Key Evidence in Opposition to Defendant's Affirmative Defenses**
**[Local Rule 16-4.1(f)]**

Plaintiff's key evidence refuting each of defendant's affirmative defenses is based upon the same or essentially the same facts as supporting each of its claims.

The key evidence in opposition, therefore, to defendant's affirmative defenses is as follows:

      1.      RSA Request for Proposal for 2010 RSA Conferences;

      2.      RSA Request for Information ("RFI") for 2010 RSA European Conference;

      3.      Joint Proposal submitted by KCP and Nth in response to the RFP and proposal submitted in response to the RFI;

      4.      Financial records and documentation provided by defendant and the evaluation of the same by KCP and/or experts retained by KCP;

      5.      E-mails between the "KCP team" and the "Nth team" relating to the formation of the implied/oral partnership and partnership agreement, the work done by both plaintiff and defendant to produce the joint proposal and for its submission to RSA, additional work done by the plaintiff and defendant in connection with the RFI;

      6.      Witness testimony to be offered at trial pursuant to plaintiff's witness list to be submitted in accordance with Local Rule 16-5.

    **G.**      **Issues of Law**
                **[Local Rule 16-4.1(I)]**

    1.  Whether Defendant received a benefit and unjustly retained benefits from plaintiff and is liable to plaintiff for unjust enrichment. *[See Peterson v. Cellco*

*P'ship*, 80 Cal. Rptr. 3d 316, 323 (2008).]

2. Whether Defendant is liable to plaintiff for unfair or unlawful business practices constituting unfair and unlawful competition under California *Business and Professions Code* section 17200. [*See Cel Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).]

### H.   Bifurcation of Issues
   **[Local Rule 16-4.3]**

Pursuant to the Final Pretrial Conference Order, the jury will be permitted to hear evidence on plaintiff's prima facie case of the liability of defendant for punitive damages and if liability is established, plaintiff will then be permitted to present evidence of Defendant's net worth or its profits supporting punitive damages.

### I.   Jury Trial
   **[Local Rule 16-4.4]**

Plaintiff made a timely demand for a jury trial by including a demand in the caption of its original Complaint which stated "**JURY TRIAL DEMANDED**" in bold in its caption and by checking the demand for jury trial box on its Civil Cover Sheet. Both the original Complaint and the Civil Cover Sheet were signed by plaintiff's counsel and filed on February 8, 2010. This Court entered "JURY

DEMANDED" on February 8, 2010, on docket entry number 1 for plaintiff's Complaint. Plaintiff preserved its constitutional right to a jury trial and provided notice to this Court and to Defendant that a jury trial had been demanded pursuant to Federal *Rule of Civil Procedure* 38(b). [*See Pradier v. Elespuru*, 641 F.2d 808, 809 (9th Cir. 1981) - endorsement on the pleading of the demand for a jury trial was sufficient to preserve the right to a jury trial and the denial of a jury trial was error by the trial court.]

The Ninth Circuit Court of Appeals has previously held that there is flexibility in how a demand for jury trial is made so long as it provides notice to the opposing party and the Court that a jury trial has been demanded at the earliest possible opportunity. [*See Lutz v. Glendale Union High School*, 403 F.3d 1061, 1064-1065 (9th Cir. 2005).]

> "What we do insist on is that the jury demand be sufficiently clear to alert a careful reader that a jury trial is requested on an issue. **This approach allows a great deal of flexibility in how the request is made, and so comports with our presumption against waiver, while still recognizing that the purpose of Rule 38's demand requirement is to "inform the Court and counsel well in advance of trial as to the trial method desired."** [*Ibid.*] (emphasis added.)

Defendant had early notice of plaintiff's jury trial demand on February 8, 2010, from the original filed Complaint, this Court's docket entry, and through each of this Court's subsequent trial setting and case management orders.

This Court has recognized plaintiff's jury trial demand on its docket and in its Order Setting Case Management Dates and Order on Jury Trial dated October 29, 2010. <u>Additionally, the parties' Joint Rule 26(f) Report filed with this Court on July 26, 2010 included explicit jury trial requests from both Plaintiff and Defendant signed by each counsel for the parties.</u>  Consequently, there is no surprise or prejudice to Defendant and Defendant does not contend any prejudice in its Memorandum of Contentions of Fact and Law filed on March 28, 2011.  Indeed, in Defendant's Memorandum of Contentions of Fact and Law, Defendant admits that it has "participated in pretrial preparations so as not to waive any potential jury instructions" which clearly demonstrates that Defendant and its counsel have suffered no prejudice or surprise regarding a jury trial in this case.

Additionally, there is no knowing, voluntary waiver by plaintiff of its right to a jury trial under the 7th Amendment to the Constitution and there is a presumption against finding such a waiver because this right is so fundamental.

"The demand for a jury trial having been properly made under Fed.R.Civ.P. 38(b), the failure to fulfill an additional requirement of a local rule to place a notation to that effect in the title cannot

constitute a waiver of a trial by jury. **Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, courts should indulge every reasonable presumption against waiver.**" [*See Pradier v. Elespuru*, 641 F.2d 808, 809 (9th Cir. 1981);  *See also Lutz v. Glendale Union High School*, 403 F.3d 1061, 1064 (9th Cir. 2005) - the 9th Circuit "indulges every reasonable presumption against waiver of the jury trial right."] (emphasis added.)

The *Pacific Fisheries* case relied on by Defendant is distinguishable on its facts because in that case plaintiff filed an untimely jury demand without justification, whereas in this case, plaintiff's jury demand was timely filed with its jury demand in  the caption of its original Complaint. *[See Pacific Fisheries Corp. v. Hih Casualty & General Ins.*, Ltd. 239 F.3d 1000, 1002 (9th Cir. 2001).]  Similarly, the plaintiff in the *Atlantic Richfield* case relied on by Defendant failed to timely file a jury demand and that case is also distinguishable on its facts. *[See Craig v. Atlantic Richfield Co.*, 19 F. 3d 472, 477 (9th Cir. 1994).]

Plaintiff respectfully submits that it has preserved its right to a jury trial on all of its causes of action and Defendant was provided with timely notice of plaintiff's jury trial demand in its original Complaint filed on February 8, 2010.

**J.**      <u>**Attorneys' Fees**</u>

**[Local Rule 16-4.5]**

Plaintiff maintains that attorneys' fees are recoverable since it is bringing this action pursuant to California *Business & Professions Code* §§ 17200 *et seq* and California *Code of Civil Procedure* §§ 1021 and 1021.5 as a private attorney general, on behalf of, and for the benefit of the general public.  Pursuant to the sections of these Codes cited, attorneys' fees are recoverable.

**K.**     **Abandonment of Issues**
           **[Local Rule 16-4.6]**

Plaintiff has not abandoned any issues raised in its Complaint.

Dated: May 3, 2011                              Respectfully submitted,

                                                THE ALTMAN LAW GROUP

                                                By: /s/ BRYAN C. ALTMAN
                                                    BRYAN C. ALTMAN
                                                    MICHAEL T. SMITH
                                                    Attorneys for Plaintiff
                                                    Kahn Creative Partners, Inc.