Mindy S. Novick (SBN 251083)
novickm@jacksonlewis.com
Adam Y Siegel (SBN 238568)
siegela@jacksonlewis.com
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Tel:  (213) 689-0404
Fax: (213) 689-0430

Attorneys for Defendant
NTH DEGREE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHN CREATIVE PARTNERS, INC., an Illinois corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>NTH DEGREE, INC. aka BEYOND THE NTH DEGREE, INC., a Delaware corporation; and DOES 1 TO 10, inclusive,<br><br>    Defendants. | CASE NO.: CV10-00932 JST (FFMx)<br><br>[Assigned to the Hon. Josephine Staton Tucker]<br><br>**DEFENDANT NTH DEGREE INC.'S TRIAL BRIEF RE "MANAGING AGENT" UNDER F.R.C.P. 32**<br><br>Complaint filed:  February 8, 2010<br>Trial Date:          May 10, 2011 |

**TO THE COURT, PLAINTIFF, AND ITS COUNSEL OF RECORD:**

Defendant Nth Degree Inc. ("Defendant" or "Nth Degree") hereby submits the following trial brief regarding the definition of the term "managing agent" under Fed. R. Civ. Proc. 32(a)(3) as follows:

/ / /

## TRIAL BRIEF RE DEFINITION OF "MANAGING AGENT"

Defendant objects to Plaintiff's designation of the deposition testimony of Robert Lowe ("Lowe"), Karen Daniele ("Daniele"), Nonie Ravenberg ("Ravenberg"), and Jeannie Blair ("Blair") on the grounds that these individuals are not an "officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)" of the Federal Rules of Civil Procedure ("F.R.C.P."). Pursuant to F.R.C.P. 32(a)(3), an adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

Here, it is undisputed that John Yohe is an officer of Defendant. However, none of the other employees of Defendant who were deposed as part of this litigation meet the criteria for rising to the level of a "managing agent" of Defendant. Furthermore, none of them are officers, directors, nor were they designated under any rule of the F.R.C.P.

A "managing agent" must have some authority to act on behalf of the corporation or answer for it. *Hynix Semiconductor, Inc. v. Rambus Inc.*, 2008 U.S. Dist. LEXIS 11767, *18 (N.D. Cal. 2008). Plaintiff has the burden of demonstrating whether an individual is a "managing agent" for purposes of F.R.C.P. 32(a). *Finely v. Count of Martin*, 2009 U.S. Dist. LEXIS 98507, *3 (N.D. Cal. 2009). An employee's title is not enough to demonstrate that individual meets the standard to be a "managing agent." *Id.* at *5. In other words, because an employee is a manager does not, by itself, establish that he or she is a "managing agent." *Id.* Rather, courts will look at "what the employee actually did, rather than what title or position she held." *Young & Assoc. v. Delta Airlines, Inc.*, 216 F.R.D. 521 (D. Utah 2003). Generally, "the term 'managing agent' has been defined to require a deponent to possess a high degree of loyalty to the employer and great authority to act independently of supervisory oversight." *Glasgow v. Michigan City Police Dep't*, 2005 U.S. Dist. LEXIS 6025 (N.D. Ind. 2005). The mere fact that employees "***played a role in the events central to [the] litigation is insufficient to show they possessed the kind of authority required***" to qualify under the rule. *Id.* (noting that "officers" must be read alongside "managing agents" under the rule) (emphasis added).

Specifically, courts have developed a list of factors to determine whether an employee qualifies as a managing agent. The Tenth Circuit has used the following four factors: "(1) Whether the agent's interests are identified with those of the principal; (2) the nature and extent of the agent's functions; (3) the extent of the agent's power to exercise judgment and discretion; and (4) whether any person or persons higher in authority than deponent were in charge of the particular matter or possessed all of the necessary information sought in the deposition." *Young & Assoc.*, 216 F.R.D. at 523 (citing *Stearns v. Paccar Inc.*, 986 F.2d 1429 (10th Cir. 1993) (unpublished decision) *citing Crimm v. Missouri P.R. Co.*, 750 F.2d 703, 708-09 (8th Cir, 1984)). Likewise, the court in *Finley* utilized three similar factors:

"First, the individual should possess general powers to exercise judgment and discretion in ***corporate*** matters; second, the individual should be a person who can be relied on to give testimony, at the employer's request, in response to the demand of the examining party; and third, the individual should be a person who can be expected to identify with the interests of the corporation." *Finley*, supra, at *5 (emphasis added).

Applying these factors, the court in *Young & Associates* determined that four employees were not managing agents. The court noted that it was important to determine "whether the employees' authority included exercising his or her personal discretion in making decisions without obtaining additional authorization from superiors in dealing with ***corporate matters***." *Young & Assoc.*, 216 F.R.D. at 523 (emphasis added). The court noted the following facts about the four employees at issue: Laura Shutt was a corporate employee in Delta's marketing department and was supervised by five other employees; David Paule was a lower level administrative employee who only made recommendations to his supervisors and did not have authority to make decisions on the Company's behalf; Joe Leach was a corporate employee in the marketing department supervised by four other employees; and finally, Kenneth Klatt was an in-house attorney who worked on the project at issue and communicated with higher corporate officers. *Id.* at 523-24. The court ultimately held that none of the employees qualified as a managing

1  agent because "all of the named individuals were required to seek higher approval for
2  decisions of substance in *regard to the general operations of the corporation* . . . [and] all
3  of these individuals lacked discretion to make decisions for the corporation without
4  approval and authorization from higher authority." *Id.* at 524.

5        Similarly, in *Hynix Semiconductor, Inc.*, the court determined that a consultant
6  who was the former Director of Technology was not a "managing agent" because at the
7  time of his deposition, the employee "lacked any authority to act on [the Company's]
8  behalf." 2008 U.S. Dist LEXIS 11767 at *18.

9        Here, Plaintiff has failed to introduce any testimony or evidence that Lowe,
10 Daniele, Ravenberg, or Blair "possess general powers to exercise judgment and
11 discretion in corporate matters" and thus none of them qualify as a "managing agent."
12 Each of these employees is more similar to the employees in *Young & Associates* because
13 none had the power to bind the Company with regard to "***corporate matters***" without
14 higher approval and authorization. Lowe and Blair sole responsibilities, and thus any of
15 their decisions, relate to the day-to-day relationship with RSA Conference. They have no
16 authority to bind Defendant on corporate matters. Ravenberg is a marketing and finance
17 manager, only responsible for issues arising within those departments. She, along with
18 Lowe and Blair, has no corporate responsibilities whatsoever. Finally, while Daniele is
19 the general manager of the events division within Nth Degree, she again has no corporate
20 responsibilities and no authority to bind the company with regard to corporate matters.
21 As stated in *Glasgow*, simply because these deponents played an "important" role in the
22 issues central to the litigation does not make them "managing agents."

23       Finally, Plaintiff's counsel has indicated that he will call each of these individuals
24 at trial for the purpose of giving live testimony. The Ninth Circuit has stated that Rule 32
25 demonstrates an overall preference for the presentation of live testimony because such
26 testimony "enables the jury to adjudge the credibility of a witness and therefore to
27 determine the weight and import ascribed to the witness's testimony. Deposition
28 testimony is itself only second-best." *Planned Parenthood of the Columbia/Willamette,*

*Inc. v. American Coalition of Life Activists*, 290 F.3d 1058, 1118 (9th Cir. 2002). As such, any reading of deposition testimony not for the purpose of impeachment is cumulative of the live testimony that is to be given during trial. Such cumulative testimony is prejudicial to Defendant pursuant to Federal Rule of Evidence 403.

    For these reasons, Plaintiff should not be permitted to read the deposition transcripts of Nonie Ravenberg, Karen Daniele, Robert Lowe, and Jeannie Blair in lieu of live testimony at trial.

Dated:    May 7, 2011

Respectfully submitted,

JACKSON LEWIS LLP

By:  /s/ Mindy S. Novick
      Mindy S. Novick
      Adam Y. Siegel

Attorneys for Defendant
NTH DEGREE, INC.